**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
_____ District of  Delaware
                    (State)

Case number (If known): _____  Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Arrma Durango Ltd.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  N/A - __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**
   Suite 3    Enterprise Glade
   Number     Street

   _____

   Moira, Derbyshire, DE12 6BA, UK
   City                State    ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**
   _____
   Number     Street

   _____
   P.O. Box

   _____
   City                State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   _____
   Number     Street

   _____

   _____
   City                State    ZIP Code

5. **Debtor's website (URL)**  www.arrma-durango.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor    Arrma Durango Ltd.                                            Case number (*if known*)_____
         Name

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   
   5414 __ __

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ■ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ■ No
   ☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY
           District _____  When _____  Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ■ Yes.  Debtor   See Rider 1                              Relationship _____
            District  Delaware                                 When _____
                                                                    MM / DD / YYYY
            Case number, if known _____

Official Form 201              Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **2**

Debtor  Arrma Durango Ltd._____    Case number (*if known*)_____
         *Name*

| | | |
|---|---|---|
| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>      Number      Street<br>_____<br>_____<br>City                   State     ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>      Contact name _____<br>      Phone _____ |

### ■ Statistical and administrative information

| | | |
|---|---|---|
| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>■ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| 14. | **Estimated number of creditors** | ☐ 1-49     ☐ 1,000-5,000     ☐ 25,001-50,000<br>■ 50-99     ☐ 5,001-10,000     ☐ 50,001-100,000<br>☐ 100-199     ☐ 10,001-25,000     ☐ More than 100,000<br>☐ 200-999 |
| 15. | **Estimated assets** | ☐ $0-$50,000     ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000     ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>■ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion |

Debtor  Arrma Durango Ltd._____  Case number (*if known*)_____
       Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ▪ I have been authorized to file this petition on behalf of the debtor.
- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/26/2018
          MM / DD / YYYY

✗ _____Tom S. O'Donoghue, Jr._____    Tom S. O'Donoghue, Jr._____
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer_____

**18. Signature of attorney**

✗ _____Robert J. Dehney_____    Date  01/26/2018
Signature of attorney for debtor           MM / DD / YYYY

Robert J. Dehney_____
Printed name
Morris, Nichols, Arsht & Tunnell LLP_____
Firm name
1201     N. Market Street, 16th Floor_____
Number    Street
Wilmington_____    DE    19899_____
City     State    ZIP Code

(302) 658-9200_____    rdehney@mnat.com_____
Contact phone     Email address

3578_____    DE_____
Bar number     State

# RIDER 1 TO VOLUNTARY PETITION

### Pending Bankruptcy Cases Filed by Affiliates of the Debtor

On January 10, 2018, each of the entities listed below (collectively, the "<u>Initial Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Initial Debtors have been granted joint administration of these cases under the case number assigned to the chapter 11 case of Hobbico, Inc. (Case No. 18-10055).

- Estes-Cox Corp. (Case No. 18-10054)
- Hobbico, Inc. (Case No. 18-10055)
- Axial R/C Inc. (Case No. 18-10056)
- Great Planes Model Manufacturing, Inc. (Case No. 18-10057)
- Revell Inc. (Case No. 18-10058)
- Tower Hobbies, Inc. (Case No. 18-10059)
- United Model, Inc. (Case No. 18-10060)

# ARRMA DURANGO LIMITED

a company registered in England and Wales (Company No. 07865134)

**(the "Company")**

**Resolution of the sole director of the Company
on January 26, 2018 at 2:00 p.m. (CT) and 8:00 p.m. (GMT)**

1.  **Quorum**

1.1 Kenneth Cutler, being the sole director, noted a meeting had been duly convened and that a quorum was present.

2.  **Declaration of director's interests**

2.1 The director noted that he had no interest in the business of the meeting pursuant to section 177 of the Companies Act 2006.

3.  **Chapter 11 filing**

3.1 The director noted that the Company's sole member, Hobbico Inc, ("**Hobbico**") has filed a voluntary petition for relief (the "**Chapter 11 Case**") under the provisions of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). After consulting with both their own professional advisors and those of the Secured Lenders (as defined below), Hobbico and the Company have determined that the Company should file its own petition for relief under the Bankruptcy Code for various reasons, including the need to stay litigation brought by Traxxas. L.P. and to facilitate a sale of Hobbico and the Company as going concerns.

3.2 The director noted that the purpose of the meeting was to approve:

(i) the Company's Chapter 11 Case under the provisions of the Bankruptcy Code in a court of proper jurisdiction and/or any other petition for relief or recognition or other order that may be desirable under applicable law in the United States (the "**Filing**"); and

(ii) the authorisation of each persons indicated below, while acting in the official capacity indicated below, whether acting alone, or together with one or more other officers, to be authorised, empowered and directed to (a) execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and (b) to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course of operation of the Company's business, subject to the condition that the DIP Documents shall have been executed and delivered as described at minute 3.1(i) (the "**Filing Authorisation**"):

| | |
|---|---|
| Tom S. O'Donoghue Jr. | Chief Restructuring Officer |
| Louis Brownstone | President |
| Kenneth R. Cutler | Director |

| Timothy M. Shanahan | Treasurer and Chief Financial Officer |
| Willard K. Muirheid | Secretary |

together, the "**Authorised Signatories**".

## 4. Retention of professionals

4.1 The director further noted that the purpose of the meeting was to approve, to the extent deemed necessary or appropriate by the Authorised Signatories:

(i) the authorisation and direction of the Authorised Signatories to employ the law firm Neal, Gerber & Eisenberg LLP ("**NGE**") as general bankruptcy counsel to represent and assist the Company in carrying its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of NGE (the "**NGE Authorisation**");

(ii) the authorisation and direction of the Authorised Signatories to employ the law firm Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Morris Nichols (the "**Morris Nichols Authorisation**");

(iii) the authorisation and direction of the Authorised Signatories to employ the firm Lincoln International LLC ("Lincoln") as investment banker to, among other things, represent and assist the Company in analysing available strategic alternatives, including a potential financing transaction, restructuring transaction, or sale transaction, and developing financial data for evaluation by the Directors, creditors, and/or the other third parties, as requested by the Companies from time to time; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate application for authority to retain the services of Lincoln (the "**Lincoln Authorisation**");

(iv) the authorisation and direction of the Authorised Signatories to employ Keystone Consulting Group, LLC ("Keystone") as restructuring advisor to the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection

|     |     |
| --- | --- |
| | therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Keystone (the "**Keystone Authorisation**"); |
| (v) | (a) the retention of the firm CR3 Partners, LLC ("**CR3**") as restructuring advisor to the Company, and the appointment of Tom S. O'Donoghue Jr. as Chief Restructuring Officer of the Company to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, are each hereby ratified and approved and (b) the authorisation and direction of each of the Authorised Signatories to cause to be filed an appropriate application for authority to retain the service of CR3 and to appoint Tom S. O'Donoghue Jr. as Chief Restructuring Officer of the Company (the "**CR3 Authorisation**"); |
| (vi) | the authorisation and direction of the Authorised Signatories to employ the firm of JND Corporate Restructuring ("**JND**") as notice and claims agent to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of JND (the "**JND Authorisation**"); |
| (vi) | the authorisation and direction of the Authorised Signatories to employ and retain any other professional advisors to represent and assist the Company in carrying out their duties under the Bankruptcy Code as such Authorised Signatory deems necessary, proper or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such case; and in connection therewith, each of the Authorised Signatories, with power of delegation, is hereby authorised and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any such other professional advisors, in each case on such terms as such Authorised Signatory deems necessary, proper or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case (the "**Additional Authorisation**"); and |
| (vii) | with the power of delegation, the authorisation, empowerment and direction of the Authorised Signatories to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance from legal counsel, accountants, financial advisors, and other professional advisors, and to take and perform any and all further acts and deeds that such Authorised Signatory deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case (the "**Additional Authorisation II**"). |

5. **Debtor-in-Possession financing, cash collateral, and adequate protection**

5.1 The director noted that the Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured parties (collectively, the "Secured Lenders") pursuant to (i) that certain Third Amended and Restated Credit Agreement, dated as of July 11, 2014 as amended, modified, or supplemented, and in effect immediately prior to the filing of the voluntary petitions for relief in the Chapter 11 Case, among the Hobbico and affiliated entities (the "Companies"), as borrowers, Wells Fargo Bank, National Association, as administrative agent, and the lenders that are parties thereto from time to time, and to (ii) that certain Securities Purchase Agreement, dated as of July 11, 2014 as amended, modified, or supplemented, and in effect immediately prior the filing of the voluntary petitions for relief in the Chapter 11 Case, among the Companies and Cyprium Investors IV AIV I LP, a Delaware limited partnership, and (b) the incurrence of debtor-in-possession financing obligations pursuant to the DIP Credit Agreement, as defined below (the "DIP Financing").

5.2 The director further noted that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "**Adequate Protection Obligations**"), as documented in a proposed interim order (as such order may be thereafter amended or finalised, the "**Interim DIP Order**") and submitted for approval to the Bankruptcy Court.

5.3 The director noted that, whilst the Company is solvent, it is the director's duty to promote the success of the Company for the benefit of its members as whole, pursuant to section 172(1) Companies Act 2006. As the Company is approaching insolvency, the director's section 172(1) duty is modified by the director's duty to act in the interests of the Company's creditors, pursuant to section 172(3) Companies Act 2006.

5.4 After due and careful consideration, having regard (amongst other matters) to the factors referred to in section 172(1) and section 172(3) of the Companies Act 2006 insofar as they considered such factors likely to be affected by or otherwise relevant to the Company entering into the proposed obligations, the director considered that the Cash Collateral and DIP Financing is both in the interests of the Company's creditors and is most likely to promote the success of the Company for the benefit of its members as a whole.

5.5 Pursuant to the above, the director noted that the purpose of the meeting was to approve:

(i) the provision of the Interim DIP Order (the "**Interim DIP Order Provision**");

(ii) the authorisation, adoption and approval of the form, terms, and provisions of the Interim DIP Order to which the Company is or will be subject and the authorisation and empowerment of the Authorised Signatories of the Company (a) to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform,


and cause the performance of, the Interim DIP Order, including without limitation the execution and delivery of, a joinder by the Company in, or an amendment of (i) a Debtor-In-Possession Credit Agreement (the "**DIP Credit Agreement**") among the Companies, Wells Fargo Bank, National Association, as administrative agent (in such capacity, "**Agent**"), swingline lender and issuing lender, and the lenders identified therein substantially in the form presented to the undersigned for review, (ii) a Debtor-In-Possession Pledge and Security Agreement (the "**DIP Pledge Agreement**") between the Companies and Wells Fargo Bank, National Association, as administrative agent, substantially in the form presented to the undersigned for review, (iii) a Debtor-In-Possession Guaranty Agreement (the "**DIP Guaranty**") made by the Company in favour of Wells Fargo Bank, National Association, as administrative agent, substantially in the form presented to the undersigned for review, (iv) a Debtor-In-Possession Guarantee and Debenture (the "**DIP Debenture**") made by the Company in favour of Wells Fargo Bank, National Association, as administrative agent, substantially in the form presented to the undersigned for review, and (v) such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement, whether governed by laws of the United States, United Kingdom or otherwise (collectively with the Interim DIP Order, the DIP Credit Agreement, the DIP Pledge Agreement, the DIP Guaranty and the DIP Debenture, the "**DIP Documents**"), and (b) to incur and pay or cause to be paid all fees and expenses and to engage such persons as they deem appropriate to effectuate the Interim DIP Order, in each case, in the form or substantially in the form thereof submitted to the Directors, with such changes, additions, and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof (the "**Interim DIP Order Authorisation**");

(iii)   the authorisation of the Company, as debtor and debtor in possession under the Bankruptcy Code, to incur the Adequate Protection Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations (the "**Adequate Protection Obligations Authorisation**");

(iv)   the authorisation and direction of the Authorised Signatories, and the authorisation, direction and empowerment of each of the Authorised Signatories acting alone, in the name of the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "DIP Financing Documents"); (b) such other instruments, certificates, notices,

    assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other DIP Financing Document (the "**DIP Financing Documents Authorisation**");

 (v) the authorisation, direction and empowerment of the Authorised Signatories to file, in the name of, and on behalf of, the Company any Uniform Commercial Code (the "**UCC**") financing statements, any United Kingdom registrations, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorise the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Interim DIP Order (the "**UCC Authorisation**"); and

 (vi) the authorisation, direction and empowerment of the Authorised Signatories to take all such further actions, in the name of, and on behalf of, the Company, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Interim DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions (the "**Additional Authorisation III**").

**6.**   **General**

6.1 The director noted that the purpose of the meeting was to approve in addition to the specific authorisations heretofore conferred upon the Authorised Signatories, the authorisation and empowerment of each of the Authorised Signatories (and their designees and delegates) to do such further acts and things in the name of, and on behalf of the Company, as any Authorised Signatory or such other duly authorised person shall deem necessary or appropriate in connection with, or to carry out the actions contemplated by, the foregoing resolutions, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, affix common seal on, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, resolutions, deeds, instruments, letters, certificates, proxies, notices, certificates, acknowledgements, authorisations, consents, releases, waivers and other documents (whether of like nature or not) (the "**Ancillary**

**Documents**") and all amendments and modifications to any such Ancillary Documents, and to pay, or cause to be paid, all such payments, as any Authorised Signatory may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby (the "**Additional Authorisation IV**").

**7.    Resolutions**

7.1    The director resolved that:

    (a)    the Filing;
    (b)    the Filing Authorisation;
    (c)    the NGE Authorisation;
    (d)    the Morris Nichols Authorisation;
    (e)    the Lincoln Authorisation;
    (f)    the Keystone Authorisation;
    (g)    the CR3 Authorisation;
    (h)    the JND Authorisation;
    (i)    the Additional Authorisation;
    (j)    the Additional Authorisation II;
    (k)    the Interim DIP Order Provision;
    (l)    the Interim DIP Order Authorisation;
    (m)    the Adequate Protection Obligations Authorisation;
    (n)    the DIP Financing Documents Authorisation;
    (o)    the UCC Authorisation;
    (p)    the Additional Authorisation III; and
    (q)    the Additional Authorisation IV,

be, and are hereby, approved by the Company.

7.2    The director further resolved that he had received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organisational documents of the Company, or hereby waives any right to have received such notice.

7.3    There was produced to the meeting the text of written resolutions for the purpose of approving the Filing and the Filing Authorisation.

7.4  It was resolved that the text of the written resolutions be approved and that they be circulated to the sole member of the Company for agreement.

## 8. Adjournment

8.1  The meeting adjourned to enable the written resolutions to be circulated and agreed.

## 9. Resumption

9.1  Upon resumption of the meeting it was reported that the written resolutions had been agreed by the sole member of the Company and that the resolutions had therefore been duly passed.

## 10. Conclusion

10.1  There being no further business the meeting then ended.

*[signature]*

Kenneth R. Cutler

**Fill in this information to identify the case:**

Debtor name: Arrma Durango Ltd.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BSD Racing Technologies Co ltd 4/F 5th Building, Changxing High Tech Ind Zone, Wan'an Road, Shajing Schenzhen, 518106 China | Ph: 86-755-27485695 Fax: 86-755-27694720 | Trade Debt | | | | $41,975.00 |
| 2 | Zhejiang Feishen Vehicle Industry Co., Ltd. North Lake Road, Hardware Scientific & Technological Industrial Zone, Yongkang City, Zhejiang Province, 321300 China | Ph: 86-579-7225666 | Trade Debt | | | | $28,145.00 |
| 3 | British Telecommunications PLC 81 Newgate Street London EC1A 7AJ UK | Ph: 020-7356-5000 | Contract | | | | $1,206.20 |
| 4 | UPS Limited UPS House Forest Road Feltham, Middlesex TW13 7DY UK | PH: 0345-1610016 Email: custsvcgben@ups.com | Trade Debt | | | | $1,173.46 |
| 5 | Spotless Midlands Ltd Glensyl Way, Burton on Trent Staffordshire, DE14 1LX UK | Email: admin@spotlesslyclean.com | Vendor | | | | $563.76 |
| 6 | Urban Planters Leicestershire Unit 4, Oaks Industrial Estate Snibston Drive, Ravenstone Rd. Coalville, Leicestershire LE67 3NB UK | Ph: 01530-835560 Email: leicestershire@urbanplanters.co.uk | Contract | | | | $352.87 |
| 7 | Simply Health Hambleden House, Waterloo Court Andover, Hampshire SP10 1LQ UK | Ph: 0370-908-3481 Email: clientservicing@simplyhealth.co.uk | Insurance | | | | $247.37 |
| 8 | North West Leicestershire District Council Council Offices, Whitwick Road Coalville, Leicestershire LE67 3FJ UK | Ph: 01530-454545 Email: customer.services@nwleicestershire.gov.uk | Local Authority | | | | $131.60 |

Debtor  **Arrma Durango Ltd.**
Name

Case number *(if known)*_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | Milk and More<br>14-40 Victoria Road<br>Aldershot, Hampshire GU11 1TH<br>UK | Ph: 0345-606-3606 | Vendor | | | | $66.42 |
| 10 | Plusnet Technologies Ltd.<br>2 Pinfold Street<br>Sheffield, S. Yorkshite S1 2GU<br>UK | Ph: 0800-028-0282 | Contract | | | | $3.63 |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

**Fill in this information to identify the case and this filing:**

Debtor Name __Arrma Durango Ltd._____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*
- ❏ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/26/2018__         ✗ __/s/ Tom S. O'Donoghue, Jr._____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

__Tom S. O'Donoghue, Jr._____
Printed name

__Chief Restructuring Officer_____
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARRMA DURANGO LTD.,<br>                              Debtor. | Chapter 11<br><br>Case No. 18-_____ (___)<br><br>(Joint Administration Requested) |

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of debtor Arrma Durango Ltd.'s equity holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| **Name and Last Known Address of Equity Security Holder** | **Nature of Interest Held** | **Number of Interests Held** |
|---|---|---|
| Hobbico, Inc.<br>2904 Research Road<br>Champaign, IL 61822 | Common Stock | 100% |

27351356.1

**Fill in this information to identify the case and this filing:**

Debtor Name: Arrma Durango Ltd.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01/26/2018  ✗ /s/ Tom S. O'Donoghue, Jr.
MM / DD / YYYY  Signature of individual signing on behalf of debtor

Tom S. O'Donoghue, Jr.
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARRMA DURANGO LTD.,<br><br>                                   Debtor. | Chapter 11<br><br>Case No. 18-_____ (___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1**

Pursuant to Rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedures, Hobbico, Inc. and its affiliated entities hereby state:

- Hobbico, Inc. is 100% owned by GreatBanc Trust Company, as Trustee of the Hobbico, Inc. Employee Stock Ownership Plan.

- Arrma Durango Ltd., Axial R/C Inc., Estes-Cox Corp., Great Planes Model Manufacturing, Inc., Revell Inc., Tower Hobbies, Inc., and United Model, Inc. are each 100% owned by Hobbico, Inc.

27351370.1

**Fill in this information to identify the case and this filing:**

Debtor Name __Arrma Durango Ltd._____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Consolidated Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/26/2018__          ✗ __/s/ Tom S. O'Donoghue, Jr._____
MM / DD / YYYY                         Signature of individual signing on behalf of debtor

__Tom S. O'Donoghue, Jr.__
Printed name

__Chief Restructuring Officer__
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**